```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF TEXAS
                                             ENTERED
```

IN THE UNITED STATES DISTRICT COURT      JAN 2 8 1999
FOR THE SOUTHERN DISTRICT OF TEXAS
           HOUSTON DIVISION             Michael N. Milby, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff/Respondent § | |
| § | |
| VS. § | CR. NO. H-89-343 |
| § | |
| TED JEFFREY OTSUKI § | |
| Defendant/Movant § | |
| (C.A. No. H-97-1397) § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause are Movant Ted Jeffrey Otsuki's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (instrument #72), Respondent the United States of America's motion to dismiss under Rule 8(a)[1] (#76), and United States Magistrate Judge Frances Stacy's memorandum and recommendation (382) that the § 2255 motion be denied and the motion to dismiss be granted. No objections have been filed to the Magistrate Judge's memorandum and recommendation.

---

[1] Rule 8(a) foll. Rules Governing 28 U.S.C. § 2255 provides,

> **Determination by court.** If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make disposition of the motion as justice dictates.



Respondent's initial argument in its motion to dismiss was not addressed by the Magistrate Judge, but is the threshold issue here, i.e., whether Movant's § 2255 petition is time-barred.

Because Movant filed for federal habeas relief on April 23, 1997, this petition is reviewed under the standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 (1996), which applies to motions filed after its effective date of April 24, 1996. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2968 (1997)(the new standards of review apply to all habeas petitions filed on or after April 24, 1996, the date the AEDPA was signed into law). Under the AEDPA, 28 U.S.C. § 2244(d) provides,

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

ClibPDF - www.fastio.com

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Fifth Circuit has held that federal prisoners, like Otsuki, whose convictions become final by that effective date "must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief under section 2255." United States v. Flores, 135 F.3d 1000, 1002=06 (5th Cir. 1998). It further determined that one year, beginning on April 24, 1996, is presumptively a reasonable time to file for relief under § 2255 for inmates whose convictions became final prior to the enactment of the AEDPA. Id. at 1005-06. Pursuant to Rule 6(a)'s method for computing time, the last day of the one-year period for filing a § 2255 motion is April 24, 1997. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998).[2] Thus Movant Otsuki's petition is timely.

This Court has reviewed the record and the applicable law de novo. Because it agrees with the Magistrate Judge's analysis of facts and law on all grounds raised by Movant for habeas relief, the Court hereby ADOPTS the memorandum and recommendation as its own. Furthermore, the Court

---

[2] Further, the Fifth Circuit allows in "rare and exceptional circumstances" equitable tolling of the one-year statute of limitations. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

ORDERS that movant's § 2255 motion is DENIED, Respondent's motion to dismiss is GRANTED, and this § 2255 petition is DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this 27th day of January, 1999.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE